UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSE VAZQUEZ,

                Petitioner,

-against-

SUPERINTENDENT, MARCY
CORRECTIONAL FACILITY,

                Respondent.[1]
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-2499 (CBA)

**AMON, United States District Judge:**

Petitioner Jose Vazquez, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court grants petitioner's request to proceed in forma pauperis. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court directs petitioner to show cause within sixty (60) days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## BACKGROUND

Upon petitioner's plea of guilty, he was sentenced on January 3, 1974, to fifteen years to life imprisonment in the Supreme Court of the State of New York, Richmond County, of murder and attempted robbery. (D.E. # 1 ("Petition") at 34.[2]) On May 13, 1975, the Appellate Division affirmed the conviction. People v. Vazquez, 48 A.D.2d 770 (2d Dep't 1975).

---

[1] The Clerk of Court is directed to amend the caption as set forth above. Petitioner's custodian, i.e., the Superintendent or Warden of the Correctional Facility where he is held, is the proper respondent in a petition filed under 28 U.S.C. § 2254.
[2] Because the Petition is not consecutively paginated, the Court cites to the ECF pagination.

1

Petitioner did not seek further review of his direct appeal by the State of New York Court of Appeals or file a writ of certiorari to the United States Supreme Court. (Petition at 2.) As set forth below, however, petitioner filed several post-conviction motions seeking to vacate his sentence.

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). Under subsection (A),[3] the instant petition may be untimely. A conviction becomes final upon expiration of the 90-day period for seeking a writ of certiorari. See Williams v. Artuz, 237 F.3d 147, 150–51 (2d Cir. 2001). "Prisoners like [Vazquez] whose

---

[3] Petitioner does not state any facts to conclude that subsections (B)–(D) are applicable.

2

convictions became final prior to the AEDPA's effective date of April 24, 1996, ha[d] a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997." Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000) (per curiam) (citing Ross v. Artuz, 150 F.3d 97, 100–03 (2d Cir. 1998)).

Here, petitioner does not provide the date he delivered the instant petition to prison authorities for mailing; however, the Court received the petition on May 20, 2016, and the envelope indicates it was mailed from Marcy Correctional Facility on May 17, 2016, more than 19 years after the grace period expired in this case. Since the petition was filed more than one year after the grace period expired, it is barred by the limitation period set forth in 28 U.S.C. § 2244(d), unless tolling is applicable.

A. Statutory Tolling

As explained above, "[t]he one-year" statute of limitations period under the AEDPA "most generally runs from the date on which the state criminal judgment became final." Smith, 208 F.3d at 15 (citing 28 U.S.C. § 2244(d)(1)(A)). However, "[p]risoners like [Vazquez], whose convictions became final prior to the AEDPA's effective date of April 24, 1996, have a one-year grace period in which to file their habeus corpus petitions." Id. "Section 2244 also has a tolling provision that applies to both the statute of limitations and the one-year grace period." Id. "Section 2244(d)(2) states: 'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'" Id. (quoting 28 U.S.C. § 2244(d)(2)).

In November 2007, petitioner filed a motion to vacate his conviction in the state trial court, which was denied on February 15, 2008. (See Petition at 34.) On October 23, 2014, petitioner

3

also filed a motion under N.Y. Crim. Proc. Law § 440.20 ("440 motion")—which was denied by the trial court on February 25, 2015—and leave to appeal was denied by the Appellate Division on August 20, 2015. (Id. at 34–36.) On December 22, 2015, the New York Court of Appeals denied leave to appeal the denial of the 440 motion. (Id. at 78.)

Although some of these proceedings occurred less than a year before petitioner filed the instant petition, none of the post-conviction proceedings started the one-year period to run anew. See Evans v. Senkowski, 228 F. Supp. 2d 254, 260 (E.D.N.Y. 2002) ("It is important to note that AEDPA's tolling provision does not allow the one-year period to run anew each time a post-conviction motion is ruled upon. Instead, the statute merely excludes from the calculation of the one-year period any time during which post-conviction relief is pending." (citing Smith, 208 F.3d at 17)). Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year limitations period. See Diaz v. Kelly, 515 F.3d 149, 152 (2d Cir. 2008) (where petitioner filed a 440 motion after the one-year limitations period had already expired, the "subsequent state court collateral attack [did] not toll the federal limitations period"); Evans, 228 F. Supp. 2d at 260 (E.D.N.Y. 2002) (explaining that the AEDPA's tolling provision "stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired.").

Moreover, none of the post-conviction motions filed by petitioner were filed before the grace period expired on April 24, 1997, and therefore these motions also cannot be counted for purposes of statutory tolling of the grace period. See Smith, 208 F.3d at 15 (explaining that the one-year grace period—for petitioners who were convicted before the passing of the AEDPA on April 24, 1996—expired on April 24, 1997). Therefore, petitioner is not entitled to statutory tolling.

4

B. Equitable Tolling

In addition to statutory tolling, the limitations period under the AEDPA in some cases may also be equitably tolled. See Holland v. Florida, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)); Harper v. Ercole, 648 F.3d 132, 136–38 (2d Cir. 2011). The Second Circuit has established that there is a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." See Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). The petitioner is responsible for showing that such circumstances exist. Muller v. Greiner, 139 F. App'x 344, 345 (2d Cir. 2005) (citing Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)).

At present, petitioner does not provide any facts to support equitable tolling of the limitations period. Accordingly, the Court directs petitioner to show cause by written affirmation, within 60 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. Day v. McDonough, 547 U.S. 198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). Petitioner may include any facts to support equitable tolling of the limitations period.

## CONCLUSION

The Court directs petitioner to show cause by written affirmation, within 60 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. See Day, 547 U.S. at 209 ("[W]e hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition."); Acosta, 221 F.3d at 124 (holding that "a district court has the authority to raise the AEDPA statute of limitation on its own motion"). Petitioner may include any facts to support equitable tolling of the limitations period.

Petitioner's application for counsel is denied without prejudice.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 60 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

Dated: Dec. 29, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge