UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE VAZQUEZ,

              Petitioner,

          -against-

SUPERINTENDENT, MARCY
CORRECTIONAL FACILITY,

              Respondent.
-----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-2499 (CBA)

**AMON, United States District Judge:**

Petitioner Jose Vazquez, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Memorandum and Order dated December 29, 2016 (the "December Order"), the Court granted petitioner's request to proceed in forma pauperis. The Court also directed petitioner to show cause why it should not dismiss the petition as time-barred in light of the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

On February 7, 2017, petitioner filed an Affirmation in response to the Court's December Order. (D.E. #9 ("Affirmation").) Petitioner's Affirmation is not a model of clarity, but he appear to argue for equitable tolling because he was transferred to several facilities during the first 16 years of his incarceration, because he was subjected to excessive force and was deprived of medical attention at an unspecified point during his incarceration, and because he has "accumulated 15 parole violations." (Affirmation at 1–5, 8, 12.) It is unclear whether petitioner challenges his return to custody based on his numerous parole violations or his conviction and sentence. Nonetheless, because petitioner's Affirmation does not provide a basis for tolling AEDPA's statute of limitations, the Court dismisses the petition as time-barred.

1

## BACKGROUND

Upon petitioner's guilty plea, he was sentenced on January 3, 1974, to 15 years to life imprisonment in the Supreme Court of the State of New York, Richmond County, for murder and attempted robbery. (D.E. #1 ("Petition") at 2, 34.) On May 13, 1975, the Appellate Division affirmed the conviction. People v. Vazquez, 48 A.D. 2d 770, 770 (2d Dep't 1975). Petitioner did not seek further review by the State of New York Court of Appeals or the United States Supreme Court. (Petition at 2, 34.)

## DISCUSSION

AEDPA sets a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). Under § 2244(d)(1)(A), the instant petition is untimely.[1] A conviction becomes final after the 90-day period for seeking a writ of certiorari has expired. Williams v. Artuz, 237 F.3d 147, 150–51 (2d Cir. 2001). Prisoners like Vazquez, "whose convictions became final prior to the AEDPA's effective date of April 24, 1996, ha[d] a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997." Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000) (per curiam). Petitioner did not provide the date he delivered the instant petition to prison authorities for mailing; however, the Court received the petition on May 20, 2016, and the envelope indicates that it was mailed from Marcy Correctional Facility on May 17, 2016, more than 19 years after the grace period expired in this case. Therefore, the limitations period set forth in 28 U.S.C. § 2244(d) has run unless tolling applies. Petitioner fails to show that he is entitled to statutory or equitable tolling.

    A. <u>Statutory Tolling</u>

AEDPA "has a tolling provision that applies to both the statute of limitations and the one-year grace period." Smith, 208 F.3d at 15. "Section 2244(d)(2) states: 'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'" Id. (quoting 28 U.S.C. § 2244(d)(2)).

In November 2007, petitioner filed a motion to vacate his conviction in the state trial court, which was denied on February 15, 2008. (See Petition at 34.) On October 23, 2014, petitioner also filed a motion under N.Y. Crim. Proc. Law § 440.20 ("440 motion"), which was denied by the trial court on February 25, 2015. The Appellate Division denied petitioner leave to appeal on

---

[1] Petitioner does not state any facts to demonstrate that §§ 2244(d)(1)(B) to 2244(d)(1)(D) are applicable.

August 20, 2015. (Id. at 34–36.) On December 22, 2015, the New York Court of Appeals denied leave to appeal the denial of the 440 motion. (Id. at 78.)

In the December Order, the Court found that it could not count, for purpose of statutory tolling, the time during which petitioner's post-conviction motions were considered, because the motions had not been filed before the grace period expired on April 24, 1997, and because they did not restart the statute of limitations. See, e.g., Evans v. Senkowski, 228 F.Supp.2d 254, 260 (E.D.N.Y. 2002). Petitioner's Affirmation does not set forth any facts showing that petitioner is entitled to statutory tolling.

B. Equitable Tolling

In addition to statutory tolling, the limitations period under the AEDPA in some cases may be equitably tolled. Petition is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Second Circuit has established that there is a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." See Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). The petitioner has the burden to show such circumstances. Muller v. Greiner, 139 F. App'x 344, 345 (2d Cir. 2005) (citing Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)).

Petitioner fails to set forth any facts that would entitle him to equitable tolling. Petitioner's allegation that he was frequently transferred to various facilities does not rise to an extraordinary circumstance, because prisoners are often transferred between facilities. See Worsham v West, No. 05-CV-530 (DAB), 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Courts usually do not consider a transfer between facilities that may limit a prisoner's access to legal materials to be an extraordinary circumstance."); Montalvo v. Strack, No. 99-CV-5087 (JGK), 2000 WL 718439, at *2 (S.D.N.Y. June 5, 2000) (finding prison transfers did not constitute "extraordinary circumstances"). Petitioner's conclusory allegation that he was subjected to excessive force and denied medical treatment—without details such as dates or a description of how such events impeded his ability timely to file the petition—does not provide a basis for equitable tolling.

## CONCLUSION

The Court dismisses as time-barred the § 2254 petition. Because petitioner has not made a substantial showing of the denial of constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 1915(a), the Court certifies that petitioner would not take any appeal in good faith and that this Court therefore denies in forma pauperis for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Court respectfully directs the Clerk of Court to enter judgment accordingly and to close the case.

SO ORDERED.

Dated: January 14, 2018
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge